IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
VIRGIN RECORDS AMERICA,    )
INC., a California         )
Company, et al.,           )
                           )
    Plaintiffs,            )
                           )
    v.                     )    CIVIL ACTION NO.
                           )    3:06cv631-MHT
RICKY WILLIAMS,            )        (WO)
                           )
    Defendant.             )
```

OPINION

This cause is before the court on plaintiffs Virgin Records America, Inc., Sony BMG Music Entertainment, UMG Recordings, Inc., and BMG Music's motion for entry of a default judgment against defendant Ricky Williams.

The record in this case reflects that Williams was served with a copy of the summons and complaint; that he has failed to respond to the summons and complaint within the time allowed; and that he has failed to respond to an order of this court to show cause as to why final default judgment should not be entered against him.

The plaintiffs charge Williams with six counts of copyright infringement, pursuant to the Copyright Act, 17 U.S.C. §§ 101-1332, of the following sound recordings:

| Copyright Owner | Artist | Recording Title | Album Title |
|---|---|---|---|
| Virgin Records America, Inc. | D'Angelo | Untitled (How Does It Feel) | Voodoo |
| Virgin Records America, Inc. | Ideal | Get Gone | Ideal |
| Sony BMG Music Entertainment | Dixie Chicks | Goodbye Earl | Fly |
| UMG Recordings, Inc. | Mary J. Blige | Missing You | Share My World |
| BMG Music | Alicia Keys | A Woman's Worth | Songs in A Minor |
| UMG Recordings, Inc. | Mary J. Blige | I Don't Want to Do Anything | What's The 411? |

The plaintiffs seek the minimum statutory damages of $ 750 for each of the six infringements alleged in the complaint, for a total of $ 4,500.00.  17 U.S.C. § 504(a) provides that "an infringer of copyright is liable for ... (2) statutory damages, as provided by subsection (c)."  Subsection (c)(1) of 17 U.S.C. § 504(c), in turn, provides that "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages

for all infringements involved in the action, with respect to any one work ... in a sum of not less than $ 750 or more than $ 30,000 as the court considers just."

Courts routinely award minimum statutory damages (or higher) as part of default judgments in copyright infringement cases.  See, e.g., Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 63-64 (1st Cir.  2000) (award of greater than minimum statutory damages as part of default judgment).  Although a party may demand a jury determination of the amount of statutory damages to be awarded, Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 355(1998), here, because the plaintiffs seek only the minimum statutory damages for each violation, the law has eliminated any discretion as to damages.  See e.g.,Simpleville Music v. Mizell, ___ F.Supp.2d ____, ____, 2006 WL 2642106 *5-6 (M.D. Ala. 2006) (Thompson, J.) (because claimants had agreed to accept minimum statutory damages of $ 750 per song and because the number of infringing songs was known, making

3

computation of damages simple, radio station owner, found to have violated Copyright Act by playing copyrighted songs without American Society of Composers, Authors and Publishers authorization, was not entitled to hearing on issue of damages). Consequently, no evidentiary hearing is necessary, and the court will award statutory damages in the amount of $ 4,500.00. Cf. Ortiz-Gonzalez, 277 F.3d at 63-64 (no hearing necessary even where greater than minimum amount of statutory damages awarded).

The plaintiffs also seek an injunction pursuant to 17 U.S.C. § 502. Section 502(a) specifically authorizes this court to "grant ... final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." See Pacific & Southern Co., Inc. v. Duncan, 744 F.2d 1490, 1499 n.17 (11th Cir. 1984) (the Copyright Act authorizes an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright"), cert. denied, 471 U.S. 1004 (1985).

Because, as far as the court can tell, Williams will not stop infringing upon the plaintiffs' copyrighted materials, the court will issue an injunction prohibiting Williams from directly or indirectly infringing on the plaintiffs' copyright rights.

Therefore, a default judgment, granting the plaintiffs' motion for entry of default judgment, awarding the minimum statutory amount of $ 4,500.00 in damages, plus $ 420.00 in costs, and providing for appropriate injunctive relief, will be entered.

DONE this 27th day of October, 2006.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE